a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MANUEL ARIZMENDI-BURGOS, Petitioner | CIVIL ACTION NO. 1:20-CV-0270-P |
| VERSUS | JUDGE DRELL |
| DAVID RIVERA, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by *pro se* Petitioner Manuel Arizmendi-Burgos ("Arizmendi-Burgos") (A#078181263). Arizmendi-Burgos is a detainee in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"), detained at the LaSalle Correctional Center in Jena, Louisiana. ECF No. 1. Arizmendi-Burgos challenges his removal order.

Because this Court lacks jurisdiction over Arizmendi-Burgos's claim, the Petition (ECF No. 1) should be DISMISSED WITHOUT PREJUDICE.

## I. Background

Arizmendi-Burgos is a native and citizen of Mexico. ECF. No. 1 at 5. Arizmendi-Burgos originally entered the United States in Arizona in 1990 and was ordered removed on May 23, 2000. ECF No. 1 at 11, 14.

Arizmendi-Burgos alleges that he was taken into ICE custody again in 2019, and his prior order of removal was reinstated. ECF No. 1 at 5, 8.

Arizmendi-Burgos alleges that he did not receive proper notice related to his original order of removal, so it should be voided. ECF No. 1 at 8.

II. **Law and Analysis**

In May 2005, Congress passed the REAL ID Act, which "divested federal [district] courts of jurisdiction over § 2241 [habeas] petitions attacking removal orders." *Rosales v. Bureau of Immigration & Customs Enf't*, 426 F.3d 733, 736 (5th Cir. 2005); *Perry v. Barr*, 4:19-CV-1302, 2019 WL 6255330, at *3 (S.D. Tex. Nov. 22, 2019). Pursuant to the Act, "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of [Chapter 12]." 8 U.S.C.A. § 1252(a)(5); *Shah v. Dir., Jackson Par. Correctonal Ctr.*, 3:19-CV-1164, 2019 WL 4254139, at *2 (W.D. La. Sept. 6, 2019).

Because Arizmendi-Burgos challenges his original order of removal, the REAL ID Act divests this Court of jurisdiction over his Petition. Therefore, dismissal of Aizmendi-Burgos's Petition without prejudice is the appropriate remedy. *See Philius v. McAleenan*, 19-CV-701, 2019 WL 4134287, at *1 (W.D. La. Aug. 29, 2019); *Segura-Mundo v. Hudson*, 09-CV-1717, 2009 WL 10711802, at *4 (S.D. Tex. Nov. 30, 2009).

III. **Conclusion**

Because this Court lacks jurisdiction over Arizmendi-Burgos claims, IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 6th day of April 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

3